UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MC-22368-MOORE/Elfenbein

*In re* Application of

RACHEL ESTER
FARANAZ LALBIHARIE,

         Applicant,

**Pursuant to 28 U.S.C. § 1782 for
Judicial Assistance in Obtaining
Evidence for Use in a Foreign Proceeding**.
_____/

**<u>ORDER ON RACHEL ESTER FARANAZ LALBIHARIE'S *EX PARTE* APPLICATION
FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C. § 1782</u>**

      **THIS CAUSE** is before the Court on Applicant Rachel Ester Faranaz Lalbiharie's *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "Application"), ECF No. [1], and Applicant's Supplement to the Application (the "Supplement"), ECF No. [5]. The Honorable K. Michael Moore referred this matter to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." *See* ECF No. [4]. For the reasons explained below, the Application, ECF No. [1], is **GRANTED**.

      **I.**     **BACKGROUND**

      In the Application, Applicant asks the Court for an order allowing her "to issue subpoenas or other appropriate process requiring Citibank, N.A. . . . to provide documents and testimony within its possession, custody, or control regarding or relating to" a bank account belonging to her late father Naipalsing Willem Lalbiharie (the "Testator"). *See* ECF No. [1] at 1–2. Specifically,

Applicant seeks information about: (1) "the amount of money in the Testator's Citibank account ending in number 2735"; (2) the "individuals with access to or signatory authority over" that account; (3) any "[w]ithdrawals from and deposits into" that account, including the dates of those withdrawals and deposits and the identities of the people who made them; and (4) if any money transfers were made from that account, the identities of the people who requested and authorized the transfers and the people who received the transfers. *See* ECF No. [1] at 1–2.

In the Application, Applicant explains that the "requested relief is for the purpose of obtaining limited but crucial discovery for use in connection with a reasonably contemplated probate matter in Suriname." *See* ECF No. [1] at 2. Through that anticipated probate matter, "the heirs to the Testator's estate," including Applicant, her mother, and her three siblings, "will be litigating the proper distribution of the Testator's assets in accordance with the Testator's will." *See* ECF No. [1] at 2. With the Supplement, Applicant informs the Court that, in May 2024, her mother and siblings indeed filed a probate action in Suriname (the "Suriname Action"), which means the anticipated probate matter is now an actual probate matter. *See* ECF No. [5] at 1–2.

**II.     LEGAL STANDARDS**

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The "history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) (emphasis and quotation marks omitted).

"A district court has the authority to grant an application for judicial assistance if the following statutory requirements in § 1782(a) are met: (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (footnote omitted) (quoting § 1782(a)). "If these requirements are met, then § 1782 'authorizes, but does not require, a federal district court to provide assistance.'" *Id.* at 1332 (quoting *Intel*, 542 U.S. at 255); *see also United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001) ("[A] district court's compliance with a § 1782 request is not mandatory.").

"Once the prima facie [statutory] requirements are satisfied, the Supreme Court in *Intel* noted these factors to be considered in exercising the discretion granted under § 1782(a): (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is otherwise 'unduly intrusive or burdensome.'" *In re Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264–65). None of these factors is required or automatically dispositive — they simply "bear consideration in ruling on a § 1782(a) request." *See Intel*, 542 U.S. at 264. In fact, even if a court concludes an application contains "unduly

3

intrusive or burdensome requests," it may still exercise its discretion to grant the application because those specific requests "may be rejected or trimmed." *Id.* at 265.

Finally, though the Supreme Court has not specifically listed it as a factor in the analysis, sometimes courts look at how granting or denying a § 1782 application would impact international comity concerns. That's because "the animating purpose of § 1782 is comity: Permitting federal courts to assist foreign and international governmental bodies promotes respect for foreign governments and encourages reciprocal assistance." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 632 (2022); *see also In re Pimenta*, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013) (noting "the twin aims of the statute: providing an efficient means of assistance to participants in international litigation and encouraging foreign countries to provide reciprocal assistance to our courts").

### III.  DISCUSSION

#### A. Applicant Has Met the Four Requirements of § 1782

As noted above, the four factors set out in the statute govern the first step in the § 1782 analysis. *See In re Clerici*, 481 F.3d at 1331–32. Here, Applicant has met each of them.

First, an "interested person" is making Applicant's request. *See* § 1782(a); *In re Clerici*, 481 F.3d at 1331. Applicant is a litigant in the Suriname Action—specifically, she "is an heir to the Testator's estate and is now the defendant in the action filed" by her mother and siblings "to obtain a final decision settling" the estate. *See* ECF No. [5] at 3. And, as the Supreme Court has noted, "litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782." *See Intel*, 542 U.S. at 256 (alteration adopted).

Second, Applicant's request "seek[s] evidence," including the "'testimony or statement' of a person" and the production of "'a document or other thing.'" *See In re Clerici*, 481 F.3d at 1331–32 (quoting § 1782(a)). Indeed, the Application explicitly notes that it seeks assistance obtaining

4

"documents and testimony" within Citibank's possession, custody, or control that relate to the Testator's bank account. *See* ECF No. [1] at 1–2.

Third, the evidence Applicant seeks is "for use in a proceeding in a foreign or international tribunal." *See* § 1782(a); *In re Clerici*, 481 F.3d at 1332. As Applicant explains in the Application and the Supplement, the "documents and testimony" she "seeks are highly relevant to" the Suriname Action. *See* ECF No. [1] at 10; ECF No. [5] at 3–4. That is because the evidence about the "contents of the" Citbank account "will significantly assist Applicant—and the Surinamese court—in ascertaining the exact contents of" the estate, which makes it "necessary to the resolution of the" Suriname Action "and the proper settlement of the Testator's estate." *See* ECF No. [1] at 10; ECF No. [5] at 4.

Applicant expects that the evidence will "establish that" the Citibank account "existed at one point in time or presently exists, and that the assets [in] that account should be included in the Testator's estate." *See* ECF No. [1] at 10; ECF No. [5] at 4. She anticipates that the evidence "may also uncover that" her mother or siblings "withdrew or transferred funds from" the Citibank account "and thereafter closed" it, which would mean they "acted in violation of Applicant's rights under Surinamese Law." *See* ECF No. [1] at 10–11; ECF No. [5] at 4. Put another way, the evidence will be "instrumental in uncovering any potential wrongdoing relating to the administration" of the Testator's estate. *See* ECF No. [1] at 11; ECF No. [5] at 4.

Finally, the entity from which Applicant seeks the evidence "resides or is found" in this District. *See* § 1782(a); *In re Clerici*, 481 F.3d at 1332. As the Application notes, "Citibank is found in this district because it maintains a branch and conducts business in Miami," specifically "at 1824 Alton Road, Miami Beach, FL 33139." *See* ECF No. [1] at 11–12. When a corporation

"has an office and does business in Miami," it is found in the Southern District of Florida for purposes of § 1782. *See Consorcio Ecuatoriano*, 747 F.3d at 1269.[1]

For those reasons, the Court finds that Applicant has satisfied the four statutory factors under § 1782.

### B. The *Intel* Factors Weigh In Favor of Granting the Application

Once the statutory requirements are satisfied, the discretionary factors the Supreme Court set out in *Intel* govern the second step in the § 1782 analysis. *See* 542 U.S. at 264–65; *In re Clerici*, 481 F.3d at 1334. Here, each of the four *Intel* factors weighs in favor of granting the Application.

First, the entity from which Applicant seeks the discovery is not a participant in the foreign proceeding. *See Intel*, 542 U.S. at 264; *In re Clerici*, 481 F.3d at 1334. As the Supreme Court has explained, "when the person from whom discovery is sought is a participant in the foreign proceeding," the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because a "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Citibank is not a participant in the Suriname Action —

---

[1] The service of process rules applicable to banks in Florida also support a conclusion that Citibank is found in this District. *See* Fed. R. Civ. P. 4(h)(1)(A), (e)(1) (noting that a corporation can be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"); Fla. Stat. § 48.092 (noting that "[s]ervice on financial institutions must be made in accordance with" Fla. Stat. § 655.0201); Fla. Stat. § 655.0201(2) (noting that service on a financial institution may be made to "a place or registered agent located within the state as the financial institution's sole location or agent for service of process, notice, levy, or demand" if the financial institution "designate[s] with the Department of State" such "a place or registered agent"); Fla. Stat. § 655.0201(3) (noting that, "[i]f a financial institution has no registered agent or service cannot be made in accordance with subsection (2), service may be made to any officer, director, or business agent of the financial institution at its principal place of business or at any other branch, office, or place of business in the state").

only Applicant, her mother, and her siblings are — so the first *Intel* factor weighs in favor of granting Applicant § 1782(a) aid.

Second, the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance" all suggest that the Application should be granted. *See Intel*, 542 U.S. at 264; *In re Clerici*, 481 F.3d at 1334. As Applicant explains, the Suriname Action is a civil action in that country's "court of first instance" that seeks to determine the proper contents and distribution of the Testator's estate. *See* ECF No. [1] at 13–15. According to the declaration of Applicant's Surinamese lawyer, who is also a law professor, "Surinamese law does not contain any prohibition against the gathering of evidence outside of Suriname," and "Surinamese courts are not precluded from or restricted in accepting or relying on evidence gathered in other countries." *See* ECF No. [1-1] at 1, 9. He notes that Surinamese courts follow the principle of "free evaluation of evidence, which means that courts are vested with the discretion to determine what information can be accepted as evidence." *See* ECF No. [1-1] at 9. And to his knowledge, no Surinamese court has rejected evidence because it was gathered in the United States. *See* ECF No. [1-1] at 9. Because it appears that the Surinamese court overseeing the distribution of the Testator's estate would be receptive to evidence gathered through a § 1782(a) proceeding, the second *Intel* factor weighs in favor of granting the Application.

Third, the Application does not "conceal[] an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *See Intel*, 542 U.S. at 265; *In re Clerici*, 481 F.3d at 1334. As noted above, Surinamese courts are free to consider evidence gathered in the United States. Indeed, Suriname's code of civil procedure "empowers" its courts to "accept and assess" § 1782(a) evidence and to use that evidence "as a basis for

rendering a judgment in Surinamese court proceedings." *See* ECF No. [1-1] at 9. The evidence about the Testator's Citibank account that Applicant seeks here is among the types of evidence Suriname's code of civil procedure allows. *See* ECF No. [1-1] at 9–10. And Applicant cannot procure the Citibank evidence using Suriname's own court procedures because it "is found outside the territory" of Suriname. *See* ECF No. [1-1] at 9. Because any evidence gathered through a § 1782(a) proceeding "will not violate Surinamese law," *see* ECF No. [1-1] at 10, the third *Intel* factor weighs in favor of granting the Application.

Finally, Applicant's request is not unduly intrusive or burdensome. *See Intel*, 542 U.S. at 265; *In re Clerici*, 481 F.3d at 1334. The Application seeks information about one specifically identified bank account. *See* ECF No. [1] at 1–2. The information Applicant seeks — the account balance, the people with access to the account, the movement of money to and from the account, and the people involved in that money movement, *see* ECF No. [1] at 1–2 — is not particularly difficult to gather. Those sorts of details are common to every bank account and procuring them would not likely require Citibank to do much more than access the standard records associated with the account number Applicant provides. That is something a bank does every day in the normal course of business. The Court agrees with Applicant that the § 1782(a) requests "are narrow and limited," *see* ECF No. [1] at 16, making the fourth *Intel* factor weigh in favor of granting the Application.

For those reasons, the Court finds that all four *Intel* factors weigh in favor of granting the Application for § 1782 aid.

### C. Granting the Application Would Further the Policy Underlying § 1782

As a final consideration, the Court evaluates whether granting the application would further the policy underlying § 1782, which is to encourage international comity. *See ZF Auto.*, 596 U.S.

at 632; *In re Pimenta*, 942 F. Supp. 2d at 1289. Allowing Applicant to marshal the power of our courts to assist her in gathering evidence to use in the Suriname Action aligns with "Congress' wish to strengthen the power of district courts to respond to requests for international assistance." *See Consorcio Ecuatoriano*, 747 F.3d at 1269 (emphasis and quotation marks omitted). And it would certainly "encourage[e] foreign countries to provide reciprocal assistance to our courts." *See In re Pimenta*, 942 F. Supp. 2d at 1289. As a result, the Court finds that granting the application would further the international comity concerns that underlie § 1782.

## IV. CONCLUSION

Because Applicant has satisfied the four statutory factors under § 1782, all four *Intel* factors weigh in favor of granting the Application, and granting the application would further the international comity policy underlying § 1782, it is **ORDERED and ADJUDGED** as follows:

1. The Application, ECF No. [1], is **GRANTED**;

2. Applicant is authorized to issue subpoenas for documents and testimony in the form of the subpoenas attached to the Application as Exhibits D, ECF No. [1-4], and E, ECF No. [1-5] to Citibank, N.A.;

3. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure;

4. The Court reserves jurisdiction to enter further orders that are necessary and proper to enforce this Order; and

5. Applicant shall file a status report **on or before September 23, 2024**, indicating the status of the discovery identified in the Application and whether this matter may be closed.

CASE NO. 24-MC-22368-MOORE/Elfenbein

**DONE AND ORDERED** in Chambers in Miami, Florida on July 24, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record